IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV100 |
| | ) | |
| v. | ) | |
| | ) | |
| JENNIFER L. MEISNER, SCOTTS | ) | MEMORANDUM AND ORDER |
| BLUFF COUNTY, Nebraska, STATE | ) | |
| OF NEBRASKA, Nebraska | ) | |
| Department Of Revenue, FIRST | ) | |
| NATIONAL BANK, FEDERAL | ) | |
| NATIONAL MORTGAGE | ) | |
| ASSOCIATION, and NEBRASKA | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This case is pending before the undersigned for final resolution pursuant to the consent of the parties.[1]   The complaint filed by the plaintiff, the United States, alleges that the defendant, Jennifer L. Meisner, is indebted to the United States for unpaid federal income taxes and statutory additions to tax for the 1991 through 1992, 1994 through 1997, and 2003 tax years.  The government seeks an order to foreclose the corresponding federal tax liens against Ms. Meisner's residence in Scottsbluff, Nebraska.  Filing 1, (plaintiff's complaint), ¶1.

The government's motion for partial summary judgment requests a judgment with respect to the 1991, 1992, 1994, 1995 and 1996 tax years.  Filing 46.  The United States alleges that defendant's tax liabilities for these years are accurately set forth in certificates of assessments and payments, (filing 47,

_____

[1]See filing 20, "Consent to Exercise of Jurisdiction by a United States Magistrate Judge," and 28 U.S.C. § 636(c).

(plaintiff's brief), at p. 5, ¶1), and since an assessment for unpaid federal taxes, when properly certified, is presumptively correct evidence of a taxpayer's liability, there is no genuine issue of material fact.  Therefore, the government requests a summary judgment in the amount of $374,448.33 in unpaid federal income taxes and statutory additions to taxes.  Filing 47, (plaintiff's brief), p. 1, ¶2.

The defendant argues that the total tax liability amount is in dispute.  The defendant maintains that reasonable cause exists for abating the failure to pay penalties included in the assessments.  See Filing 60, (Defendant's brief), pp. 13-16.  She further claims her income tax liability should be reduced because her accountant neglected to take deductions for certain fees and taxes paid in the years at issue.  Filing 61, (Davidoff affidavit), ¶¶ 6(b), 7(b), 8(b), 9(b).  The defendant argues that overpayments of tax from other years should reduce the assessed balances for the taxes in the years at issue.  Finally, she complains that an additional $766 tax assessment placed against her was not made within the three year statutory limit.  Filing 61, (Davidoff affidavit), ¶6(c).  Accordingly, the defendant claims that a genuine issue of material fact exists as to the total amount of tax liability owed.

For the reasons discussed herein, I shall grant the government's motion for partial summary judgment.

STANDARD OF REVIEW

Summary judgment is appropriate when, viewed in a light most favorable to the non-moving party, there are no genuine issues of material fact and, under the undisputed facts, the moving party

2

is entitled to judgment as a matter of law.  Fed. R. Civ. P.
56(c); Graning v. Sherburne County, 172 F.3d 611, 614 (8th Cir.
1999).  A fact is "material" if it might affect the outcome of
the case and a factual dispute is "genuine" if the evidence is
such that a reasonable trier of fact could return a verdict for
the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S.
242, 248 (1986).  "[T]he mere existence of some alleged factual
dispute between the parties will not defeat an otherwise properly
supported motion for summary judgment; the requirement is that
there be no genuine issue of material fact . . . Only disputes
over facts that might affect the outcome of the suit under the
governing law will properly preclude the entry of summary
judgment."  Anderson, 477 U.S. at 247-48.

## ANALYSIS

IRS certificates of assessments and payments for unpaid
taxes are sufficient evidence to establish the validity of the
assessments and support a summary judgment reducing those
assessments to a judgment in favor of the government.  United
States v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993).  See also,
Holland v. United States, 348 U.S. 121, 126 (1954)(in civil
actions for the recovery of tax deficiencies, the IRS
determinations of tax owed have prima facie validity).  In an
action to reduce federal tax assessments to judgment,
certificates of assessments and payments offered by the
government establish the government's prima facie case and shift
to the taxpayer the burden of proving that the IRS tax
assessments are incorrect.  Mattingly v. United States, 924 F.2d
785, 787 (8th Cir. 1991); Kiesel v. United States, 545 F.2d 1144,
1146 (8th Cir. 1976).  "A civil tax deficiency case generally
places the burden of proof on the taxpayer to disprove by a

preponderance of the evidence the government's assessment which is otherwise presumed correct."  Mattingly, 924 F.2d at 787 (citing Welch v. Helvering, 290 U.S. 111 (1933) and Helvering v. Taylor, 293 U.S. 507 (1935)).  See also, Ruth v. United States, 823 F.2d 1091, 1093 (7th Cir. 1987)("once the government presents an assessment of liability, the taxpayer bears the burdens of production and persuasion"); United States v. Molitor, 337 F.2d 917, 922 (9th Cir.1964)(holding the government is entitled to judgment for the assessed amount when the taxpayer adduces no evidence contesting the prima facie proof set forth in the certificates of assessment).

A.   The Evidence of Record.

1.   The government's prima facie case.

The government has submitted the following evidence in support of its motion for summary judgment:

- Notices of Federal Tax liens filed with the Register of Deeds for Scotts Bluff County, Nebraska for the 1990, 1991, 1992, 1994, 1995, and 1996 tax years.  Filing 47, (First Nebel declaration, exs. A, B, and C);

- Certified Form 4340 Certificates of Assessments, Payments and Other Specified Matters for defendant's federal income tax liabilities for the:
  -- 1991 tax year (filing 47, Metcalfe declaration, ex. 1);
  -- 1992 tax year (id. at ex. 2);
  -- 1994 tax year (id. at ex. 3);
  -- 1995 tax year (id. at ex. 4); and
  -- 1996 tax year (id. at ex. 5).

Counsel for the defendant did not object to these exhibits.  The government has therefore submitted a prima facie case in support of summary judgment.

4

2.   Defendant's responsive evidence.

To defeat the government's motion for summary judgment, the defendant bears the burden of submitting material facts which challenge the accuracy of the IRS' certificates of assessment. Facts offered in opposition to a motion for summary judgment must be admissible into evidence.

> (B) . . . Evidentiary materials [opposing a motion] shall be filed separately with an index listing each item of evidence being filed and identifying the motion to which it relates.
>
> (C)  Any documents filed with the index must be identified and authenticated by affidavit.  The affidavit must be made on personal knowledge, set forth such facts as would be admissible in evidence, show affirmatively that the affiant is competent to testify to the matters stated therein, and identify the motion in connection with which the affidavit is filed.

NECivR 7.1(b)(2)(B) & (C).

The defendant's opposing evidence consists of the affidavit of E. Martin Davidoff,(filing 61, ex. 1 (Davidoff affidavit), and its numerous attachments, one of which is the affidavit of Richard J. Nolan, the defendant's prior counsel.  The government has objected to substantial portions of this evidentiary submission.  Specifically, the government notes that Davidoff, who is both an attorney and an accountant, has not been designated as an expert witness in this case.  Filing 63, (Government's Reply brief), p. 6, n. 2.[2]  Therefore, the

_____

[2]In addition to this statement, I note that the defendant has not filed a certificate of service indicating that she served any expert disclosure on the government.  See NECivR 26.1(a) ("When serving disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and (2), the disclosing party shall file with the court a certificate of service.").

government argues that Davidoff cannot offer opinions and
conclusions as an expert witness, and the defendant therefore
cannot submit otherwise inadmissible hearsay into evidence to
explain the basis for Davidoff's expert opinions.  See Fed. R.
Evid. 703 (If the "facts or data in the particular case upon
which an expert bases an opinion or inference" is "of a type
reasonably relied upon by experts in the particular field in
forming opinions or inferences upon the subject, the facts or
data need not be admissible in evidence in order for the opinion
or inference to be admitted.").  The government is correct.

Davidoff's affidavit clearly states he has represented
Meisner since April 16, 2004, (filing 61, ex. 1 (Davidoff
affidavit), ¶ 1), and he is an attorney of record for the
defendant in this case.  However, Davidoff did not represent
Meisner, either as an accountant or a lawyer, during the tax
years at issue.  Therefore, although his affidavit states he has
personal knowledge of the facts of this case, his knowledge is
limited to historical information he has reviewed to evaluate the
IRS' conduct and the propriety of its tax assessments against
Meisner.  To the extent Davidoff's affidavit includes conclusions
and opinions based on his review of historical financial
information and not on his own representation of the plaintiff
during the tax years at issue, and to the extent the defendant is
relying on these conclusions and opinions as fact and not merely
the argument of counsel, the affidavit contains retained expert
testimony.

It is apparent from reading the Davidoff affidavit and the
defendant's brief that the defendant submitted Davidoff's
affidavit as expert testimony to present an issue of fact
sufficient to defeat the government's motion.  If the defendant

wanted Davidoff to testify in this capacity, whether at trial or in response to a summary judgment motion, she was required to timely disclose him as a retained expert in accordance with the court's progression order.  She did not do so.  See filings 32 and 59.

Moreover, under the facts of this case, Davidoff cannot serve as both defendant's counsel/advocate and as her expert witness.  See Nolte v. Pearson, 133 F.R.D. 585, 596 n. 5 (D. Neb. 1990)("[A] lawyer should not be permitted to be both a witness and an advocate in the same case simply because it is more cost effective for the client to have his lawyer appear as counsel and as a witness. . . . [A] lawyer should not appear in the same case as a witness and an advocate by choice."); In re Interest of T.W., 234 Neb. 966, 967, 453 N.W.2d 436, 437 (Neb. 1990)(holding an attorney cannot file an affidavit on behalf of his client asserting the client's in forma pauperis status because the attorney's affidavit is hearsay, and the affidavit "places that attorney in a position of a witness thus compromising his role as an advocate").  The defendant has not and cannot make a showing that Davidoff is a "necessary witness;" that is, that Davidoff is the only person with sufficient information, qualifications, and foundation to provide the testimony submitted in his affidavit such that, even as counsel for the defendant, he must also be permitted to testify.  See e.g. Macheca Transport Co. v. Philadelphia Indem. Co., 463 F.3d 827, 833 (8th Cir. 2006).

If Davidoff is serving as defendant's counsel, the conclusions and opinions within his affidavit must be regarded as the argument of counsel and not as material facts sufficient to

defeat a motion for summary judgment.[3]  If he is allowed to act
as her expert witness, he must withdraw as counsel of record.
However, withdrawal is not necessary under the circumstances of
this case.  Since the defendant was required to timely disclose
Davidoff as an expert in accordance with Rule 26(a)(2)(B) of the
Federal Rules of Civil Procedure and this court's progression
order, and she failed to do so, Davidoff will not be permitted to
testify as an expert witness, and the opinions and conclusions
within his affidavit will be considered argument and not facts in
ruling on this motion for summary judgment.

Consistent with the government's arguments in its reply
brief, I further conclude that many of the attachments to
Davidoff's affidavit are inadmissible.  The affidavit clearly
fails to lay the requisite foundation for admissibility of
attached exhibits A, B, T, U, V, W, and X.  These exhibits will
not be considered.

The defendant has offered an IRS memorandum written on
July 1, 1998.  Filing 61, ex. 1 (Davidoff affidavit), ex. Y.  I
note that any claim this memorandum is "self-authenticating" and
thereby admissible is highly suspect.  Nonetheless, the defendant
argues that according to this memorandum, an IRS manager
"determined that there appeared to be reasonable cause [for
abating the failure to file penalties] as far back as 1998, even
though the amounts were not abated until 2001," (filing 61, ex. 1
(Davidoff affidavit), ¶ 6(a)), thus creating an issue of fact.  A
fair reading of the memorandum does not support the defendant's

---

[3]To be clear, counsel can provide affidavits setting forth
the requisite foundation for the admissibility of documents which
contain material facts, but only when competent and qualified to
do so.

argument.  The manager notes that defendant's counsel made "some rather convincing arguments" for abatement of the late filing penalties, but acknowledged he had limited knowledge of this case, and knew "another side" existed but did not know the facts of that story.  I therefore do not consider the exhibit Y memorandum relevant because, on its face, it does not purport to state the IRS' position or determination regarding abating the defendant's penalties, and was not written by someone with adequate foundation to make such a determination on behalf of the IRS.

Exhibit Z is the defendant's 1991 income tax return.  Though the defendant argues that exhibit Z is relevant to prove her accountant neglected to take deductions for legal and accounting fees paid in 1991, and failed to claim itemized deductions for real estate and state income taxes, she offers no evidence that such disbursements were made in 1991 or the amount of these alleged deductions.  Absent some showing that deductions were actually available to the defendant but not claimed, the lack of such entries on the defendant's 1991 tax return cannot prove defendant's accountant failed to properly itemize these deductions in calculating the defendant's tax obligation.  The defendant has failed to show that exhibit Z is relevant to any of the issues raised by the government's motion.

Finally, exhibit AA is an IRS examination record dated June 6, 1997 regarding the IRS' examination of tax years 1994 through 1996.  The defendant claims exhibit AA is relevant because the examiner concluded the defendant "submitted an invalid 1040X which did not again report all income."  According to defendant's counsel, this statement shows the examiner was not acting in good faith because the defendant "reported a substantial amount of

income, an amount which the Taxpayer and her preparer believed correctly determined Defendant's liability." The defendant also claims the examiner exhibited lack of good faith by failing to consider defendant's itemized deductions for real estate and state income taxes, or accounting fees. Again, the defendant has not shown that such deductions were actually available for the 1994 through 1996 tax years. Moreover, a taxpayer can report substantial income without reporting all taxable income, and an examiner who notices and reports this conduct is not acting in bad faith. Finally, the statement of a taxpayer's attorney vouching for his client's veracity and motives, and that of her accountant, is improper, lacks foundation, and is irrelevant and inadmissible.

The remaining exhibits attached to Davidoff's affidavit consist of IRS documents, (filing 61, ex. 1 (Davidoff affidavit), exs. C-L & N-R); the affidavit of defendant's former counsel, Richard J. Nolan, (filing 61, ex. 1 (Davidoff affidavit), ex. M); and the defendant's 1997 tax return, (filing 61, ex. 1 (Davidoff affidavit), ex. S). For the purposes of this motion, the IRS documents will be considered self-authenticated public documents admissible as the statement of a party opponent. The defendant's 1997 tax return and the Nolan affidavit will also be considered, though as discussed below, I ultimately conclude they do not create an issue of material fact.

B.   The Defendant's Claims.

1.   Reasonable Cause to Abate the Failure to Pay Penalties.

There is no longer any dispute that the defendant owes unpaid taxes for the years at issue. The defendant failed to report royalty income she received pursuant to the terms of

a property settlement agreement with her ex-husband, a
singer/songwriter for the Eagles.  Filing 61, ex. 1 (Davidoff
affidavit), ex. M (Nolan affidavit).  The defendant had claimed
she was not required to report the artistic royalties as taxable
income because she received them as the beneficiary of assigned
income.  Filing 61, ex 1 (Davidoff affidavit) at ex. M (Nolan
Affidavit), ¶3.  She litigated the issue against the IRS and
lost.  The Eighth Circuit has ruled that the defendant was
required to report the royalties received as taxable income.
Meisner v. United States, 133 F.3d 654 (8th Cir. 1998).

The IRS assessed penalties for defendant's failure to file
tax returns and failure to pay taxes due.  It is undisputed that
the failure to file penalties were abated, (see filing 61, ex. 1
(Davidoff affidavit), exs. C-L), but the failure to pay penalties
were not abated.  The defendant claims the failure to pay
penalties should have been abated, and therefore the IRS'
certificates of assessment, which include these penalties, are
incorrect.  She maintains that reasonable cause exists for
abating the failure to pay penalties because she relied on the
advice of her accountant and attorney when filing her taxes, and
she was experiencing significant personal and family difficulties
during the relevant time periods.  See Filing 60, (Defendant's
brief), pp. 13-16.  Accordingly she claims an issue of fact
exists as to the accuracy of the IRS' certificates of assessment.

The defendant claims exhibits C through L provide evidence
supporting abatement of the failure to pay penalties.  Exhibits C
through L state that IRS penalties against the defendant for
failure to file were abated.  As to the years at issue on this
motion, these abatements are clearly set forth and included in
the calculations underlying the IRS' certificates of assessment.

Moreover, the abatements shown in exhibits C, D, E, H, and L are for tax years other than the 1991, 1992, 1994, 1995, and 1996 tax years.  Therefore, the information within exhibits C through L does not, in and of itself, undermine the accuracy of the IRS' certificates of assessment.

The defendant claims, however, that exhibits C through L raise an issue of material fact because the failure to file penalty abatements memorialized in exhibits C through L were granted in response to exhibit B, and that the facts within exhibit B likewise require abatement of the failure to pay penalties.  This argument fails for at least two reasons:  The defendant has not shown why the failure to file penalties were abated, and he has offered no law or admissible evidence stating that when reasonable cause exists for abating failure to file penalties, failure to pay penalties must also be abated.

Exhibits C through L say nothing concerning why the government granted an abatement.  Defendant's counsel argues that since the government abated the penalties shortly after it received a letter from Robert Grossman (filing 61, ex. 1 (Davidoff affidavit), ex. B), defendant's counsel at the time, the penalties were "apparently abated for the reasons set forth in Mr. Grossman's letter."  See filing 61, ex. 1 (Davidoff affidavit), ¶ 6(a) & ex. B.  There is no admissible evidence of record to support of this assumption, particularly since the exhibit B Grossman letter is itself inadmissible.[4]

_____

[4]Even were I to consider the exhibit B letter, I note that exhibit B does not fully set forth the reasonable cause arguments advanced in this case.  Exhibit B does not mention reliance on a tax professional as a basis for granting an abatement.  I further note that exhibit Y, the IRS manager memorandum previously found to be inadmissible, discusses abatement of penalties for late

Defendant's counsel also argues, "The IRS determined that there was reasonable cause for abating the penalties for failure to file.  The same standards apply for abating the failure to pay penalties."  See filing 61, ex. 1 (Davidoff affidavit), ¶ 6(a).  However, counsel has not cited, and the court has not found, any case holding that a reasonable cause finding for abatement of failure to file penalties under 26 U.S.C. § 6651(a)(1) mandates a reasonable cause finding and abatement of failure to pay penalties under 26 U.S.C. § 6651(a)(2).

When faced with an issue of statutory construction and application, the courts show "great deference to the interpretation given the statute by the officers or agency charged with its administration."  <u>Udall v. Tallman</u>, 380 U.S. 1, 16 (1965).  See also <u>U.S. v. Boyle</u>, 469 U.S. 241, 247 n. 4 (1985)(noting IRS' definition of "reasonable cause" under § 6651(a)(1) was consistent with Congress' intent and entitled to deference).  The IRS has submitted evidence explaining its method for applying the reasonable cause standard in penalty abatement cases.

> Whether a taxpayer has successfully established . . .
> "reasonable cause" for the abatement of the FTP and FTF
> penalties is evaluated separately by the Internal
> Revenue Service.  It is a common occurrence to meet the

---

filing on the basis of both mental health circumstances and the reliance on a presumably competent professional.  However, exhibit Y was written in 1998, three years before the abatements set forth in exhibits C through L were granted.  Therefore assuming both exhibit B and exhibit Y are considered admissible evidence, they raise a basis to speculate but insufficient proof concerning the actual reason the IRS abated defendant's failure to file penalties in 2001.  See filing 61, ex. 1 (Davidoff affidavit), exs. B & Y.

13

> criteria for relief from one penalty without meeting
> the criteria for relief from another.  While some
> adjustments were made to the FTP penalties asserted
> against the taxpayer for certain tax years, these
> adjustments were made on a case-by-ease basis and not
> on any universal finding that the taxpayer had met the
> "reasonable cause" standard for the abatement of all
> FTP penalties.

Filing 63, attachment 1 (Second Nebel declaration), ¶ 8.[5]

Even assuming defendant's failure to file penalties were abated because of her significant personal problems and mental impairments and/or her reliance on a tax professional, the defendant has failed to show that the reasonable cause required for abating failure to file and failure to pay penalties is identical.  Evidence that the IRS abated the defendant's failure to file penalties does not necessarily support defendant's claim that the failure to pay penalties should also be abated, and therefore such evidence cannot serve to challenge the accuracy of the IRS' certificates of assessment.

The defendant claims she is entitled to a reasonable cause abatement of the failure to pay penalties because she failed to report the royalty income as taxable in reliance on a tax professional's advice.  A taxpayer is entitled to penalty relief for the period during which she relied on the reasonable advice of a tax professional.  I.R.M. 20.1.1.3.2.4, ¶5, August 20, 1998. "'[R]easonable cause' is established when a taxpayer shows that

_____

[5]I note that although offered by the defendant for a different reason, the defendant's exhibit Y (the 1998 IRS manager memorandum), exemplifies the case-by-case application of the reasonable cause standard for abating penalties, and the IRS' policy of separately considering failure to file and failure to pay penalty abatement issues.  See filing 61, ex. 1 (Davidoff affidavit), ex. Y.

he reasonably relied on the advice of an accountant or attorney .
. ., even when such advice turned out to have been mistaken."
U.S. v. Boyle, 469 U.S. 241, 250 (1985).

> When an accountant or attorney advises a taxpayer on a
> matter of tax law, such as whether a liability exists,
> it is reasonable for the taxpayer to rely on that
> advice.  Most taxpayers are not competent to discern
> error in the substantive advice of an accountant or
> attorney.  To require the taxpayer to challenge the
> attorney, to seek a "second opinion," or to try to
> monitor counsel on the provisions of the Code himself
> would nullify the very purpose of seeking the advice of
> a presumed expert in the first place.

Id. at 251.

Citing Nolan's affidavit, Davidoff's affidavit states "Mr.
Nolan advised Ms. Meisner that she did not owe any tax on the
royalty income of her husband.  As such, the late payment of her
taxes in 1991 (as well as all years through 1996) was for
reasonable cause and not willful neglect."  Filing 61, ex. 1
(Davidoff affidavit), ¶ 6(a).  Davidoff's statement as to what
Nolan told the defendant is inadmissible hearsay.

Nolan's affidavit, (filing 61, ex. 1 (Davidoff affidavit),
ex. M), states he represented the defendant her litigation with
the IRS[6] and in the bankruptcy court, and outlines the
defendant's legal positions in the IRS litigation.  The affidavit
does not state, however, that Nolan provided any advice to the
defendant on how and whether to report her royalty income when
she filed her 1991, 1992, 1994, 1995, and 1996 income tax
returns.  Nolan (and others) may have provided advice to the
defendant for completing her tax returns, but that advice is not

_____

    [6]Meisner v. United States, 1996 WL 784586 (D. Neb. 1996);
Meisner v. United States, 133 F.3d 654 (8th Cir. 1998)

in the record, and there is no evidence that the defendant relied upon or followed any advice she received.  Though reliance on a tax professional can establish reasonable cause to abate failure to pay penalties, neither the Nolan affidavit, nor any other admissible evidence in the record, tends to prove the defendant "reasonably relied on the advice of an accountant or attorney" (Boyle, 469 U.S. at 250 (1985), when she failed to report all her taxable income for the tax years at issue.

The defendant also claims that a reasonable cause abatement is warranted based on her prolonged mental illness and personal problems during the tax years at issue.  She has offered Davidoff's affidavit and the attached exhibits T through X in support of this claim.  Davidoff's affidavit states that based on his conversations with the defendant and her therapist, and his review of the correspondence from several mental health providers, copies of which are provided as attached exhibits T through X of the affidavit, the defendant was suffering from prolonged stress and diminished mental capacity when she filed her 1991, 1992, and 1994 through 1996 tax returns.  Filing 61, (Davidoff affidavit), ¶ 16.

Davidoff is not qualified to offer mental health opinions, nor permitted to provide expert testimony in this case.  His statement as to the defendant's stress response during the time period at issue, all of which pre-date his representation of this client, are inadmissible.  His affidavit does not attempt to establish foundation for the admissibility of the attached medical correspondence, and even if it did, he is not the proper witness to lay foundation.  Finally, the letters do not appear to be records made and kept in the ordinary course of providing mental health care and treatment, but rather correspondence to

defendant's counsel outlining and explaining the providers' opinions.  The defendant has offered no admissible evidence supporting a reasonable cause abatement of failure to pay penalties due to the defendant's mental health issues.

I therefore conclude the defendant has failed to prove any basis for a reasonable cause abatement of the failure to pay penalties assessed by the IRS.  The amounts set forth in the IRS' certificates of assessment are not erroneous for failing to include such abatements.

2.   Unclaimed deductions.

The defendant claims the amounts reflected in the tax certificates are incorrect because her accountant failed to itemize all available deductions.  Income tax deductions are a matter of legislative grace and as a result, the taxpayer bears the burden of proving that he comes within its provisions.  F. Strauss & Sons, Inc. of Ark. v. Commissioner, 251 F.2d 724, 725 (8th Cir. 1958).  Allowance of deductions from gross income does not turn on general equitable considerations.  Rather, the burden of clearly showing the right to claim a deduction is on the taxpayer.  Deputy v. DuPont, 308 U.S. 488, 493 (1940).

The defendant offers the affidavit of Davidoff in support of her argument that the tax assessments must be reduced for unclaimed deductions.  Davidoff asserts that "[t]he accountant preparing the income tax return [for the years at issue] neglected to take deductions for legal and accounting fees paid . . . and failed to claim itemized deductions for real estate and state income taxes."  Filing 61, (Davidoff affidavit), ¶¶ 6(b), 7(b).  See also id., ¶¶ 8(b) & 9(b).  However, there is no

17

admissible evidence that the defendant incurred such deductible expenses.  Therefore, Davidoff's statement is not only inadmissible expert testimony, but lacks foundation.  There is no merit to defendant's claim that the IRS' certificates of assessment are incorrect because available deductions were not included calculating her tax liability.

3.   Credit for overpayments in other tax years.

The defendant claims the IRS has retained her tax refunds for the years 1997, 2000, 2001, 2004 and 2005 and has not applied those overpayments to her outstanding tax liabilities.  Filing 60, (defendant's brief), p.2.  The defendant claims these overpayments total $23,960.  Filing 61, (Davidoff affidavit), ¶¶ 11-15.

Defendant's exhibits N, O, P, and Q are IRS account transcripts for the 2000, 2001, 2004, and 2005 tax years.  See filing 61, (Davidoff affidavit), exs. N-Q.  These transcripts, and the defendant's 1997 amended tax return, (see filing 61, ex. 1 (Davidoff affidavit), ex. S) reflect credit amounts in favor of the defendant.[7]  The IRS states it will apply the credits from

---

[7]Exhibit R, an account transcript for 1991, reflects a levy taken on May 13, 2005 in the amount of $11,469.65, and payments made by the defendant on November 9, 2005 and May 22, 2006 in the amount of $16,150.91 and $14,851.94, respectively.  The defendant does not claim these amounts are credits which have been omitted from the 1991 certificate of assessment and therefore render it inaccurate. Rather, the levy and payments post-date the 1991 certificate of assessment submitted into evidence by the government.  Accordingly, the defendant claims that if she prevails in challenging the 1991 certificate of assessment, she is entitled to a refund of the levy and payment amounts set forth in exhibit R.  Filing 61, ex. 1 (Davidoff affidavit), ¶ 6(e) & ex. R.

other years to the interest which has accrued (but has not yet
been assessed) on the taxpayer's unpaid federal income tax
liability for the 1996 tax year.  Filing 63, ex. 1 (Second Nebel
declaration), ¶ 11.  The defendant has cited no evidence or law
challenging this method of applying defendant's credits.

Exhibits N through Q do not contain information inconsistent
with that set forth in the IRS' certificates of assessment at
issue, (filing 47, Metcalfe declaration, exs. 1-5), and since the
tax credits from other years will be applied toward accrued but
unassessed interest for the 1996 tax year, applying the credits
to defendant's IRS debt will not alter the total amount owed as
reflected in the certificates of assessment.  The credit amounts
set forth in the exhibit N through Q transcripts do not undermine
the presumptive validity of the government's calculation of
assessed taxes and payments for 1991, 1992, 1994, 1995, and 1996,
and these credits do not raise an issue of material fact on this
motion.

4.   The $766 tax assessment.

The defendant "has no record of the additional tax
assessment of $766 placed against [her] on November 20, 1995 and
believes that such amount was assessed too late, as it was more
than three years later than the date on which the original tax
return was filed."  Filing 61, (Davidoff affidavit), ¶6(c).  The
assessment statute of limitation begins on the due date or the
extended due date of a tax return and runs for a period of three
years.  26 U.S.C. §6501(a).  Section 6501(c)(4) permits an
extension of the original statute of limitations by agreement
when both the Secretary and the taxpayer have consented to the
extension in writing.

IRS records reflect that on October 16, 1995, the defendant agreed to extend the assessment statute of limitations until May 6, 1997.  Filing 63, ex. 2, (Second Nebel declaration), ¶10.  The IRS' assessment was made on November 20, 1995, clearly prior to the agreed upon extended statute of limitation.

In addition, events occurred which served to toll the statute of limitations related to the $766 assessment.  The defendant received an extension on her 1991 Form 1040 tax return until August 15, 1992, which extended the statute of limitations to August 15, 1995.  Moreover, the defendant filed a petition for bankruptcy, which under th bankruptcy law at that time, served to toll the statute for approximately 11 months more.  Filing 63, ex. 2, (Second Nebel declaration), ¶10.  Even in the absence of any agreement to extend the statute, the November 20, 1995 assessment in the amount of $766 was timely.

CONCLUSION

The certificates of assessment submitted into evidence by the government state the defendant owes unpaid federal income taxes and penalties totaling $374,448.43 for the 1991, 1992, 1994, 1995, and 1996 tax years.  Filing 47, ex 1 (First Nebel declaration), ¶3.  The defendant has offered no admissible evidence challenging the amounts set forth in these certificates. Therefore, the government is entitled to a partial summary judgment in the amount of $374,448.43, together with all accrued but unassessed interest and penalties, plus all statutory additions to tax accruing pursuant to 26 U.S.C. §§ 6601, 6621 and 6622, and 28 U.S.C. § 1961(c), until paid, for the taxable periods ending on December 31, 1991, 1992, 1994, 1995, and 1996.

20

IT THEREFORE HEREBY IS ORDERED:  The motion for partial summary judgment filed by the plaintiff, the United States, filing 46, is granted.

DATED this 24th day of January, 2007.

BY THE COURT:

s/ *David L. Piester*

David L. Piester
United States Magistrate Judge

21