```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV100 |
| | ) | |
| v. | ) | |
| | ) | |
| JENNIFER L. MEISNER, SCOTTS | ) | MEMORANDUM AND ORDER |
| BLUFF COUNTY, Nebraska, STATE | ) | |
| OF NEBRASKA, Nebraska | ) | |
| Department Of Revenue, FIRST | ) | |
| NATIONAL BANK, FEDERAL | ) | |
| NATIONAL MORTGAGE | ) | |
| ASSOCIATION, and NEBRASKA | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| | ) | |
| Defendants. | ) | |

The United States has moved to quash the defendant's subpoenaed depositions of IRS employees Kathy S. Jewett, Mary S. Hickey, Robert L. Amick, Christopher Nebel, Thomas B. Moore, William House, and Orlin M. Kompelien.  The subpoenas required each deponent to produce the following documents at the deposition:

1. A copy of each document relating to Jennifer L. Meisner, her federal income tax returns and other filings with the IRS, the determination of her federal tax liabilities, the determination of any penalties and interest on her federal tax liabilities, and any procedures to collect her federal tax liabilities, including penalties and interest, for each year commencing with tax year 1991 and continuing on through tax year 2005.

2. A copy of each document relating to each decision made by the IRS and the procedures followed by the IRS relating to Jennifer L. Meisner, her federal income tax returns and other filings with the IRS, the determination of her federal tax liabilities, the determination of any penalties and interest on her federal tax liabilities, and any procedures to collect her federal tax liabilities, including penalties and interest, for each year  commencing with tax year 1991 and continuing through tax year 2005.

The parties' report of parties planning conference identified the following subjects for discovery in this case.

1. Was Jennifer Meisner's non-payment of taxes in any of the years at issue where penalties have been applied due to reasonable cause and not willful neglect?

2. What is the actual current and correct amount of taxes, penalties, and interest owed by Jennifer Meisner?

3. Whether the authorization referred to for this action violates the requirements of the Internal Revenue Manual policy that judicial proceedings be a last resort in collecting taxes where all administrative remedies were not exhausted or their use would be ineffective?[1]

4. The priority to the proceeds from the sale of the real property.

Filing 23, p. 7.

The court has now entered a partial summary judgment in favor of the government stating the defendant owes the amounts set forth in IRS certificates of assessment for the 1991, 1992, 1994, 1995, and 1996 tax years. At least as to those tax years, the partial summary judgment appears to address items 1 and 2 of the parties' discovery plan. However, it is unclear whether the government is pursuing collection for the 1997 and 2003 tax years. The government's initial complaint requests recovery for 1997 and 2003, but the its motion for partial summary judgment and motion to quash are limited to the tax years addressed by the court's summary judgment order. The defendant states her tax liabilities for 1997 and 2003 were satisfied on January 3, 2005.

As to defendant's motion to quash, the court cannot determine whether the defendant's requested discovery is

---

[1] The United States noted that this topic was not a proper subject of discovery.

relevant, and to what extent it may be relevant, without knowing what issues and tax years (if any) remain in dispute.

     IT THEREFORE HEREBY IS ORDERED:

1. The pretrial conference in this case is continued to February 23, 2007 at 10:00 a.m.

2. Upon receipt of this order, and before January 31, 2007, counsel for the parties shall promptly meet and confer to identify the issues remaining in dispute. The parties shall also discuss their respective positions regarding the defendant's intent to depose the subpoenaed IRS employees in light of the court's ruling on partial summary judgment, and shall attempt in good faith to resolve this discovery dispute.

3. On or before January 31, 2007, the government shall file a statement identifying the issues remaining for court resolution, including whether it intends to pursue collection of taxes from the defendant for the 1997 and 2003 tax years.

4. On or before January 31, 2007, the defendant shall file a statement which:

    a. Identifies the issues remaining for court resolution;

    b. Apprises the court as to whether the government's motion to quash has been resolved by agreement of the parties; and

    c. If the parties have not resolved their discovery dispute concerning the subpoenaed depositions, identifies the purpose and areas of inquiry and document production the defendant intends to pursue during those depositions.

     DATED this 24th day of January, 2007.

                                        BY THE COURT:

                                        s/ *David L. Piester*
                                        David L. Piester
                                        United States Magistrate Judge