```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV100 |
| | ) | |
| v. | ) | |
| | ) | |
| JENNIFER L. MEISNER, SCOTTS | ) | MEMORANDUM AND ORDER |
| BLUFF COUNTY, Nebraska, STATE | ) | |
| OF NEBRASKA, Nebraska | ) | |
| Department Of Revenue, FIRST | ) | |
| NATIONAL BANK, FEDERAL | ) | |
| NATIONAL MORTGAGE | ) | |
| ASSOCIATION, and NEBRASKA | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

In compliance with the court's prior order, the parties have advised the court of the remaining issues in this case and the status of the discovery dispute underlying the plaintiff's pending motion to quash. Filing 68. Upon review of the parties' submissions, it appears they agree that only one issue remains to be decided: Should the government be allowed to foreclose on defendant's personal residence prior to exhausting available alternative means for collecting the unpaid federal tax? The government states it need not explore and exhaust other options before pursuing foreclosure. The defendant states the IRS was required to fully investigate and exhaust alternative collection methods prior to initiating this foreclosure action, whether it did so raises an issue of fact, and further discovery is required on that issue.

The only motion now pending is the government's motion to quash the defendant's deposition subpoenas. The defendant's proposed depositions are directed at discovering whether and to

what extent government officials considered or pursued collection methods other than foreclosure.  The government claims such facts are irrelevant and the depositions must be quashed.  It therefore appears that any ruling on the motion to quash will, by necessity, require the court to determine the legal issue of whether the government is obligated to exhaust alternative collection methods before initiating a tax foreclosure action.  If so, the defendant's proposed deposition questioning may be relevant; if not, such questioning is irrelevant, and the motion to quash should be granted.

Under the current posture of this case, the government's motion to quash has effectively become a motion for summary judgment.

> The United States suggests, in light of the entry of partial summary judgment and the filing of the stipulation between the United States and the State of Nebraska concerning the relative priorities of their respective tax liens, that there are no triable issues remaining in this case.  Plaintiff respectfully requests that the Court grant the United States leave to submit a proposed judgment and decree of foreclosure and order of sale.

Filing 83 (government's "Statement Regarding Discovery and Issues Remaining for Trial"), p. 7.

Though the parties have submitted arguments on the exhaustion issue in support of or opposition to plaintiff's motion to quash, the court is reluctant to enter a ruling on the motion to quash without affording the parties due notice that the court considers the ruling potentially dispositive of the entire case, and affording the parties an opportunity to brief it as such.

IT THEREFORE HEREBY IS ORDERED:

1. On or before February 8, 2007, the parties shall file any evidence and brief in support of their respective positions on the issues of law and/or fact identified in filings 83 and 84.

2. Any brief or evidence in response shall be filed on or before February 13, 2007.

3. The parties should be prepared to discuss the merits of the government's motion to quash/for judgment as a matter of law at the February 15, 2007 pretrial conference.

DATED this 1st day of February, 2007.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge