FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2007 MAY 18 AM 8:39

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
)
v. ) Case No. 8:05-CV-100-DLP
)
JENNIFER L. MEISNER, et al., ) **JUDGMENT AND DECREE**
) **OF FORECLOSURE AND**
    Defendants. ) **ORDER OF SALE**
)

**Federal Tax Assessments Reduced to Judgment**

In accordance with the Memorandum and Order (filing #77) entered on January 24, 2007, and the Memorandum and Order (filing #99) entered on May 2, 2007, granting plaintiff's motion for judgment as a matter of law, judgment is hereby entered in favor of the plaintiff, the United States of America, and against the defendant, Jennifer L. Meisner, for the unpaid assessed balances of the federal income taxes and related penalties and interest, together with all accrued but unassessed interest and penalties, minus application of available credits, in the amount of $364,133.36, plus all statutory additions to tax accruing by law pursuant to 26 U.S.C. §§ 6601, 6621 and 6622, and 28 U.S.C. § 1961(c), after May 1, 2007, until paid, for the taxable periods shown below:

| Tax Year | Tax | Penalty | Interest until 05/01/2007 | Total |
|---|---|---|---|---|
| 1991 | $-13,800.42 | $ 5,869.45 | $13,257.65 | $    5,326.68 |
| 1992 | $ 18,680.18 | $ 3,570.94 | $ 9,704.90 | $   31,956.02 |
| 1994 | $ 65,036.86 | $ 4,998.45 | $19,667.21 | $   89,702.52 |
| 1995 | $ 37,314.59 | $ 5,573.60 | $17,180.32 | $   60,068.51 |
| 1996 | $129,132.88 | $15,313.49 | $60,841.79 | $ 205,288.16 |
|  |  |  | Total: | $ 392,341.89 |
|  | (minus) Credits Available for Offset |  | - | $   28,208.53 |
|  |  |  | Total: | $ 364,133.36 |

**Priorities of Respective Tax Liens**

The United States and the State of Nebraska have stipulated to the priorities of their respective tax liens as follows:

|  | Tax Period | Federal/ State Lien | Balance Due as of 05/01/2007 | Date of Assessment | Date Lien Filed |
|---|---|---|---|---|---|
| 1. | 1989 | State | $ 17,494.39 | 03/27/1992 | 07/14/1992 |
| 2. | 1991 | Federal | $  5,326.68 | 06/01/1992 | *06/10/2002 |
| 3. | 1990 | State | $  4,359.29 | 06/12/1992 | 07/14/1992 |
| 4. | 1987 | State | $  5,654.39 | 09/19/1995 | 12/12/1996 |
| 5. | 1992 | State | $  8,662.28 | 09/19/1995 | 12/12/1996 |
| 6. | 1992 | Federal | $ 31,956.02 | 11/06/1995 | 08/20/2002 |
| 7. | 1994 | State | $ 24,681.75 | 01/29/1997 | 04/06/1998 |
| 8. | 1994 | Federal | $ 89,702.52 | 02/24/1997 | 08/20/2002 |
| 9. | 1995 | State | $ 15,409.67 | 06/24/1997 | 04/06/1998 |
| 10. | 1996 | State | $ 36,637.27 | 06/24/1997 | 04/06/1998 |
| 11. | 1995 | Federal | $ 60,068.51 | 07/03/1997 | 08/20/2002 |
| 12. | 1996 | Federal | $205,288.16 | 07/03/1997 | 08/20/2002 |
| 13. | 2001 | State | $ 10,658.10 | 11/19/2002 | 03/10/2003 |

|     | Tax Period | Federal/ State Lien | Balance Due as of 05/01/2007 | Date of Assessment | Date Lien Filed |
| --- | --- | --- | --- | --- | --- |
| 14. | 2002 | State | $ 8,560.61 | 06/25/2003 | 09/23/2003 |
| 15. | 2003 | State | $ 7,366.17 | 06/22/2004 | 12/22/2004 |

\* = Lien Refiled date. Original Lien filed 08/10/1992

### Foreclosure of Federal and State Tax Liens

The tax liens of the United States of America and the State of Nebraska that arose from the tax assessments made against the defendant, Jennifer L. Meisner, as set forth above, attached at the time of the assessments to all property and rights to property of Jennifer L. Meisner as of the respective dates of the assessments made against her by the Internal Revenue Service and the Nebraska Department of Revenue for the taxable periods shown above, including (but not limited to) the following described real property:

> Lots Two (2) and Three (3), VICTORY HILL SUBDIVISION, a part of the SE/4 NE/4 of Section 34, Township 23 North, Range 55 West of the 6th PM, Scotts Bluff County, Nebraska.

The federal and state tax liens described in paragraphs 1 and 2 of this judgment shall be foreclosed to satisfy the unpaid income tax liabilities of the taxpayer defendant, Jennifer L. Meisner, and the real property shall be sold at a judicial sale by the Internal Revenue Service.

It is therefore ORDERED that the Internal Revenue Service (IRS), including its authorized agents or officers, is authorized and directed, under 28 U.S.C. §§ 2001 and 2002, to proceed forthwith, without further order of process, or offer for sale at public auction, to advertise and sell, without appraisal and subject to any unpaid real property taxes or special assessments, to the highest bidder, according to law and pursuant to the terms and conditions set forth herein, the real property in which Jennifer L. Meisner has an interest, such property located in Scotts Bluff County, Nebraska, and described as follows:

> Lots Two (2) and Three (3), VICTORY HILL SUBDIVISION, a part of the SE/4 NE/4 of Section 34, Township 23 North, Range 55 West of the 6th PM, Scotts Bluff County, Nebraska.

IT IS FURTHER ORDERED that this Order shall act as a Special Writ of Judicial Sale, and no further order or process from the Court shall be required.

IT IS FURTHER ORDERED that this sale of real property is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

IT IS FURTHER ORDERED that the real property described above shall be sold pursuant to the terms and conditions set forth in this Order and as follows:

(a) The real property be sold at public sale.

(b) The property shall be sold free and clear of the right, title, and interest of all parties to this action and any

successors in interest or transferees to those parties.

(c) The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the premises, and easements and restrictions of record, if any.

(d) The public sale shall be held either at the courthouse of the county in which the real property is located, on the real property's premises or at the office of the Internal Revenue Service.

(e) The date and time for the sale shall be determined and announced by the IRS.

(f) Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in the county in which the above-described real property is located and, at the discretion of the IRS, by any other notice that it deems appropriate. The notice shall contain a description of the above-described real property and shall contain the terms and conditions of sale in this Order.

(g) The IRS is permitted to enter the premises, and prospective buyers shall be allowed to conduct an inspection of the exterior and interior of the property, at such time as the IRS shall determine to be reasonable and convenient.

(h) No bid (except for bids made by the United States) shall be accepted by the IRS, unless the same is accompanied by a certified check or cashier's check, in the minimum amount of $10,000.00 made payable to the United States District Court for the District of Nebraska. Before being permitted to bid at the sale, all bidders shall display to the IRS proof that they are able to comply with this requirement. No bids will be received from any person who has not presented proof that, if he or she is the successful bidder, he or she can make the deposit required by this Order.

(i) Within five (5) business days of the date of sale, the successful bidder shall deposit, in certified funds payable to the United States District Court for the District of Nebraska, an additional sum such that at least ten (10) percent of the purchase price is on deposit.

(j) The successful bidder shall tender the balance of the purchase price, in certified funds payable to the United States District Court for the District of Nebraska, at the office of the IRS on or before 3:30 p.m., thirty (30) business days from confirmation of the sale by the Court.

(k) In the event the successful bidder defaults on any of the terms contained herein, the deposit shall be forfeited and retained by the IRS as part of the proceeds of sale, and the real property shall again be offered for sale, without further

permission of the Court, under the terms and conditions of this Order; or, in the alternative, the real property shall be sold to the second highest bidder.

(l) The United States may bid as a creditor against its judgments without tender of cash.

(m) The sale of the above-described real property shall be subject to confirmation by the Court. Upon confirmation of the sale and receipt of the entire purchase price, the Court shall issue, and the IRS shall deliver to the purchaser, a deed conveying the real property to the purchaser. Upon confirmation of the sale, all interests in, liens against, or claims to, the real property that are or may be asserted by any of the parties to this action are discharged and extinguished.

IT IS FURTHER ORDERED that the IRS is authorized to have free access to the above-described real property and to take all actions necessary to preserve the property (including, without limitation, retaining a locksmith or other person to change or install locks or other security devices on any part of the property) until the deed to the property is delivered to the purchaser.

IT IS FURTHER ORDERED that, until the real property is sold, the defendant, Jennifer L. Meisner, shall take all reasonable steps necessary to preserve the real property (including all buildings, improvements, fixtures and appurtenances) in its

current condition; including, without limitation, maintaining fire and casualty insurance policies on the real property. Defendant Meisner shall not commit waste against the real property, nor shall she permit or cause anyone else to do so. She shall not take any action that tends to reduce the value or the marketability of the real property, nor shall she permit or cause anyone else to do so. She shall not record any instruments, publish any notices, or take any other action (such as placing newspaper advertisements) that may directly or indirectly tend to adversely affect the value of the real property described above, or that may tend to deter or discourage potential bidders from participating in the public sale.

IT IS FURTHER ORDERED that each person occupying the real property shall permanently leave and vacate the real property no later than 30 days after the date that this order is signed, each taking his or her personal property but leaving all improvements, buildings, fixtures, and appurtenances to the real property. If any person occupying the real property described above fails or refuses to leave and vacate the real property by the date specified in this Order, the IRS, Property Appraisal and Liquidation Specialist, in coordination with the U.S. Marshal's Service, is authorized and directed to take all actions that are reasonably necessary to bring about the ejectment of that person. All keys should be turned over to the Property Appraisal and

Liquidation Specialist.  If any person fails or refuses to remove his or her personal property from the real property described above by the date specified herein, the property remaining on the real property thereafter is deemed forfeited and abandoned, and the Marshal and his or her deputies are authorized and directed to remove it.  The Property Appraisal and Liquidation Specialist shall dispose of it in any manner the IRS sees fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of the sale, and the balance to be paid into the Court for further distribution.

IT IS FURTHER ORDERED that, upon sale of the real property, the IRS shall deposit the proceeds arising from the sale with the Clerk of this Court for distribution upon further Court order.

IT IS FURTHER ORDERED that, upon order of the Court confirming the sale and directing distribution of the sale proceeds, the Clerk shall distribute the proceeds from the sale of the real property in the following order:

    1.   To the IRS, for the costs of the sale, including an amount sufficient to cover the expenses of any steps taken to secure or maintain the realty pending sale and confirmation by the Court; and, if the United States is the successful bidder, and therefore has not tendered cash, the United States shall tender to the IRS the expenses of the sale;

2. To Scotts Bluff County, Nebraska, for all unpaid and matured property taxes owed for the real property;

3. To the State of Nebraska, in an amount sufficient to satisfy its tax liens, along with interest and penalties according to law, for the 1989 tax year;

4. To the United States, in an amount sufficient to satisfy its tax liens, along with accrued but unassessed interest and penalties according to law, for the 1991 tax year;

5. To the State of Nebraska, in an amount sufficient to satisfy its tax liens, along with interest and penalties according to law, for the 1990, 1987 and 1992 tax years;

6. To the United States, in an amount sufficient to satisfy its tax liens, along with accrued but unassessed interest and penalties according to law, for the 1992 tax year;

7. To the State of Nebraska, in an amount sufficient to satisfy its tax liens, along with interest and penalties according to law, for the 1994 tax year;

8. To the United States, in an amount sufficient to satisfy its tax liens, along with accrued but unassessed interest and penalties according to law, for the 1994 tax year;

9. To the State of Nebraska, in an amount sufficient to satisfy its tax liens, along with interest and penalties according to law, for the 1995 and 1996 tax years;

10. To the United States, in an amount sufficient to satisfy its tax liens, along with accrued but unassessed interest and penalties according to law, for the 1995 and 1996 tax years;

11. To the State of Nebraska, in an amount sufficient to satisfy its tax liens, along with interest and penalties according to law, for the 2001, 2002 and 2003 tax years; and

12. In the event that proceeds from the sale remain after payment of the costs of the sale, payment to Scotts Bluff County, payment to the United States of America, and payment to the State of Nebraska, the remaining funds shall be paid to the defendant, Jennifer L. Meisner.

IT IS SO ORDERED.

Dated this 18th day of May, 2007.

BY THE COURT:

DAVID L. PIESTER
UNITED STATES MAGISTRATE JUDGE